# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-395V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| HANNAH GANTZ, | \* | |
| | \* | |
| Petitioner, | \* | Filed: October 1, 2014 |
| | \* | |
| v. | \* | Decision by Stipulation; Attorneys' |
| | \* | Fees & Costs |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael London*, Douglas & London, P.C., New York, NY, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On June 28, 2010, Ryan Gantz, as parent of his minor child, Hannah Gantz filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Thereafter, Ms. Gantz reached the age of majority and became the formal Petitioner in this case. On February 3, 2014, the parties filed a stipulation settling the case and detailing the amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner an award as outlined by the stipulation.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On September 29, 2014, the parties filed another stipulation, this time regarding attorneys' fees and costs. The parties have stipulated that Petitioner's counsel should receive a lump sum of $31,000.00, in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. In compliance with General Order #9, the parties have represented that Petitioner has not advanced any reimbursable costs in proceeding on this petition.

I approve the requested amount for attorneys' fees and costs as reasonable. Accordingly, an award of $31,000.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael London, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.